IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALDEN SOLAR PA JEFFERSON LLC, <br><br> Plaintiff, <br><br> v. <br><br> BARBIERI LAND MANAGEMENT LLC, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 25-83 <br> ) <br> ) <br> ) <br> ) |

**MEMORANDUM AND ORDER OF COURT**

Presently before the Court is Plaintiff Walden Solar PA Jefferson LLC's ("Walden") Motion for a Preliminary Injunction (Docket No. 9). The Court has reviewed the motion, as well as the supporting brief and Walden's proposed findings of fact and conclusions of law. (Docket Nos. 10-11). Defendant Barbieri Land Management LLC ("Barbieri") has not responded to Walden's motion, and the deadline for Barbieri's response set by this Court's Response/Briefing Schedule Order (Docket No. 12)—February 18, 2025—has now passed. For the reasons set forth herein, the Court will <u>GRANT</u> Walden's motion for a preliminary injunction.[1]

**I.   STANDARD OF REVIEW**

Four factors are relevant to the Court's consideration of a motion for preliminary injunctive relief: "(1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." *McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC*, 511 F.3d 350, 356-57 (3d Cir. 2007) (quoting *Shire U.S. Inc. v. Barr Labs. Inc.*, 329 F.3d 348, 352 (3d Cir. 2003)). The first two

---

[1] This Court has discretion to issue a preliminary injunction without a hearing. *Schrader v. Dist. Att'y of York Cnty.*, 74 F.4th 120, 126 (3d Cir. 2023) (citing Fed. R. Civ. P. 65(a)(1)).

factors—the movant's likelihood of success and the extent to which the movant will suffer irreparable harm without court intervention—are the "most critical." *Boynes v. Limetree Bay Ventures LLC*, 110 F.4th 604, 609 (3d Cir. 2024) (quoting *Nken v. Holder*, 556 U.S. 418, 434 (2009)). The Court considers the third and fourth factors if the first and second are "present." *Id.*

Barbieri did not respond to Walden's motion, but that "does not mean that the Court will simply accept [Walden's] arguments without qualification and grant its motion without review." *AVCO Corp. v. Turn & Bank Holdings, Inc.*, No. 4:12-CV-01313, 2015 WL 435008, at *3 (M.D. Pa. Feb. 3, 2015). "Rather, this Court will still evaluate [Walden's] demonstrated facts and arguments within the context of the controlling law to determine whether an injunction is warranted and desirable." *Id.*

## II.   DISCUSSION

Walden and Barbieri entered an agreement on April 14, 2020, pursuant to which Barbieri— the owner in fee of 127 acres of real property in Jefferson County, Pa.—agreed to lease property to Walden for the development of "solar photovoltaic generation equipment thereon." (Docket No. 10-1, ¶¶ 9, 11). Pursuant to the parties' agreement, the initial term of the lease was three years; thereafter, the agreement affords Walden the option to renew for up to three successive periods for one year per renewal. (*Id.* ¶ 12). Under the agreement, once Walden timely exercises its option to extend, the parties' agreement requires that Barbieri execute the lease within ten days. (*Id.*; Docket No. 9, ¶¶ 8-9).

When Walden notified Barbieri that it would exercise its renewal option in December 2024 and sent a partially executed copy of a lease and memorandum of lease for Barbieri to fully execute, Barbieri failed "to timely execute the Lease and Memorandum of Lease" in breach of the parties' agreement. (Docket No. 9, ¶ 10). Walden argues that, as a result, it is experiencing or

will experience irreparable harm in the form of lost business opportunities, loss of market advantage, project delays, and (possibly) breach of third-party agreements, among other harms. (*Id.*). Accordingly, Walden seeks a preliminary injunction that would: (1) require Barbieri's specific performance of obligations under the Lease Option; (2) require specific performance from Barbieri in the form of executing the Lease and Memorandum of Lease, and; (3) prevent Barbieri from denying Walden access to the subject property or interfering with Walden's exercise of rights under the Lease/Lease Option. (*Id.* at pg. 6). Walden argues that it is entitled to a preliminary injunction based on the relevant factors, and Walden requests that this Court waive the security requirement in Rule 65(c). (*Id.* ¶ 14).[2]

The Court first addresses the likelihood of Walden's success on the merits of its claim. Under Pennsylvania law,[3] breach of contract is established by: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." *Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of Pa.*, 895 A.2d 595, 600 (Pa. Super. Ct. 2006) (quoting *Corestates Bank, N.A. v. Cutillo*, 723 A.2d 1053, 1058 (Pa. Super. Ct. 1999)). As described *supra*, Walden argues that under the Lease Option it had an option to extend the initial term of the lease up to three times for one year each and that its timely exercise of that option required Barbieri to execute the lease within ten days. Walden timely exercised its option to extend the initial term on January 25, 2023, February 9, 2024, and October 23, 2024. (Docket No. 10-1, ¶¶ 29, 33-34). Therefore, argues Walden, when it gave Barbieri notice of extension on December 20, 2024 (*id.* ¶ 37), Barbieri had an obligation to execute the lease within 10 days. Despite

---

[2]   Walden argues that a $5,000 security is more than sufficient if the Court determines any security is necessary. (*Id.* ¶ 15).

[3]   The parties' agreement provides that it shall be governed by Pennsylvania law. (Docket No. 10-1 at 22).

Barbieri's obligation to fully execute the lease upon Walden's exercise of its option to extend, Barbieri did not respond, thus breaching the parties' agreement. The Court, having considered this argument and having reviewed the Lease Option, finds that Walden is likely to succeed on the merits, which brings the Court next to consider the question of irreparable harm. The standard for showing irreparable harm is that a "plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial," that is, "the preliminary injunction" must be "the *only* way of protecting the plaintiff from harm." *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 91 (3d Cir. 1992) (quoting *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989)). The risk of harm must be immediate and truly irreparable in the sense that "compensation in money" after the fact "cannot atone for it." *Id.* (quoting *ECRI v. McGraw–Hill, Inc.*, 809 F.2d 223, 226 (3d Cir. 1987)).

      Walden argues that it will suffer immediate and irreparable harm insofar as it will breach third-party agreements if the extension between it and Barbieri is not executed forthwith. For example, Walden argues that it has an agreement with PJM and Mid-Atlantic Interstate Transmission LLC pursuant to which Walden's solar generating facility must have reached commercial operations by July 10, 2026, and meeting that deadline means that Walden must be able to work on the property it leases from Barbieri *now*. (Docket No. 10-1, ¶ 45 ("[W]ork must be underway … to satisfy this milestone.")). This type of harm has been found to be irreparable. *E. Tennessee Nat. Gas Co. v. Sage*, 361 F.3d 808, 829 (4th Cir. 2004) ("ETNG's inability to satisfy these commitments would have negative impacts on its customers and the consumers they serve."). Based on this showing, the Court is satisfied that Walden has shown it will suffer irreparable harm absent injunctive relief; therefore, the Court will consider the third and fourth preliminary injunction factors.

Walden argues that the potential harm to the non-movant, Barbieri, is negligible at best. Without any argument from Barbieri about what, if any, harm could befall it if an injunction is issued, the Court observes that holding a defendant to "its contractual obligations does not constitute harm." *Columbia Gas Transmission, LLC v. Reed*, No. 3:18-CV-160, 2019 WL 2069602, at *2 n. 1 (W.D. Pa. Mar. 26, 2019). Therefore, weighing the relative harms to Walden and Barbieri, this third factor weighs in favor of granting the injunction. Finally, considering whether an injunction is in the public interest, it is generally in the public interest "to enforce the terms of private contractual agreements." *Id.* at *2. Accordingly, the fourth and final factor also weighs in favor of granting Walden's requested injunctive relief.

### III.     CONCLUSION

For the foregoing reasons, the Court will **GRANT** Walden's motion for a preliminary injunction (Docket No. 9). Rule 65(c) requires that a movant for preliminary injunction give security "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained" if the Court is to grant such motion. Walden has indicated if the Court determines it is appropriate to require security in this instance, $5,000 would be more than adequate to protect against any injury to Barbieri if it is later determined that Barbieri was wrongfully enjoined because that amount ($5,000) exceeds the value of timber that would be removed by Walden in the exercise of rights under the parties' agreement pursuant to a preliminary injunction permitting exercise of such rights. The Court finds that $5,000 is an appropriate security based on that representation and the absence of any contrary representation.

Accordingly, the Court enters the following Order:

AND NOW, this 19th day of February 2025,

IT IS HEREBY ORDERED that Walden's Motion for a Preliminary Injunction (Docket No. 9) is **GRANTED**.  The Court hereby issues a preliminary injunction as follows:

(1) Barbieri must comply with its obligations under the Lease Option;

(2) Barbieri is enjoined from denying Walden access to the Property (as defined in Plaintiff's Motion and supporting Memorandum) and otherwise interfering with Walden's rights under the Lease Option and Lease; and

(3) Barbieri is required to execute the Lease and Memorandum of Lease in compliance with Paragraph 4 of the Lease Option.

IT IS FURTHER ORDERED that Walden shall place security (corporate surety bond, cash, certified check, or attorney's check) in the amount of $5,000.00 with the Court within thirty (30) days of the date of this Order. The Court considers that amount appropriate to protect Barbieri against any costs and damages as may be incurred or suffered if Barbieri is found to be wrongfully ordered to perform the action described above. If presented as cash or check, the funds will be placed in the local Court Registry and will remain there until further order of court.

IT IS FINALLY ORDERED that any party may move to dissolve, revoke, amend, modify, or make permanent this Order or otherwise to seek reconsideration of Walden's Motion for Preliminary Injunction.  Any response thereto, as well as any hearing thereupon, shall be directed by further Order of this Court.

>*/s/ W. Scott Hardy*
>W. Scott Hardy
>United States District Judge

cc/ecf:        All counsel of record