IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WALDEN SOLAR PA JEFFERSON LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No. 25-83 |
| v. | ) |
| | ) |
| BARBIERI LAND MANAGEMENT LLC, | ) |
| | ) |
| Defendant. | |

## MEMORANDUM ORDER

Presently before the Court is Plaintiff Walden Solar PA Jefferson LLC's ("Walden") Motion for Default Judgment against Barbieri Land Management LLC ("Barbieri") (Docket No. 18) which includes Walden's requests for permanent injunctive and declaratory relief, Walden's brief in support of its motion (Docket No. 19), and Walden's Memorandum in Response to the Court's February 28, 2025, Order (Docket No. 22). The Court provided the background of this case in its Memorandum and Order granting Walden's Motion for Preliminary Injunction. (Docket No. 16). Therein, the Court explained that Walden and Barbieri entered an agreement in 2020 under which Barbieri agreed to lease real property in Jefferson County, Pennsylvania to Walden for development of solar photovoltaic generation equipment on the property. (*Id.* at 2). The initial term of the lease was three years, but the parties' agreement gave Walden the option to renew up to three successive one-year periods. (*Id.*). Walden timely notified Barbieri in December 2024 that it would exercise a renewal option. (*Id.*). But Barbieri failed to execute the Lease and Memorandum of Lease within the time contemplated by the parties' agreement, thus breaching the agreement. (*Id.* at 2-3). Based on Walden's allegations and its motion for a preliminary injunction, the Court decided Walden was likely to succeed on its breach of contract claim and had shown it would suffer irreparable harm absent injunctive relief. (*Id.* at 4). The Court further determined

Barbieri would suffer negligible harm, at best, from an injunction. (*Id.* at 5). Accordingly, the Court ordered Barbieri to comply with its obligations under the parties' agreement and (in accordance therewith) to execute the Lease and Memorandum of Lease in compliance with Paragraph 4 of the parties' Lease Option. (*Id.* at 6). Barbieri has since executed the Lease and Memorandum of Lease pursuant to the Court's preliminary injunction. (Docket No. 22 at n. 5). However, Barbieri has not responded to Walden's allegations in this Court or sought to participate in this suit in any way. For that reason, Walden sought and obtained the Clerk's entry of default, and now seeks default judgment. (Docket Nos. 15, 17, 18). For the reasons herein, the Court will grant Walden's motion for default judgment.[1]

Rule 55 sets out two steps for default judgment when there is a failure to defend. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) ("Rule 55 provides a 'two-step process' for the entry of judgment against a party who fails to defend: first, the entry of a default, and second, the entry of a default judgment."). The Clerk of Court has already entered default in this matter, satisfying step-one. (Docket No. 17). The Clerk's entry of default established Barbieri's effective admission of liability. *Kollmann v. Transtech Airport Sols., Inc.*, No. CIV.A. 08-797, 2011 WL 6020168, at *2 (W.D. Pa. Dec. 2, 2011).

In the next step, this Court considers whether to exercise its discretion to enter default judgment pursuant to Rule 55(b)(2) and to thus "convert[] the defendant's 'admission of liability' into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides [plaintiff] is entitled." *Id.* Default judgment is disfavored. *Broad. Music, Inc. v.*

---

[1] In its prior Order, the Court acknowledged the possibility of scheduling a hearing on the motion. (Docket No. 20 at 2). The Court has discretion to conduct a hearing on a motion for default judgment pursuant to Fed. R. Civ. P. 55(b)(2) ("The court may conduct hearings … when, to enter or effectuate judgment, it needs to: conduct an accounting; determine the amount of damages; establish the truth of any allegation by evidence; or investigate any other matter."). Considering Walden's supplemental memorandum (Docket No. 22), the Court is satisfied that it need not conduct a hearing to rule on the motion.

*George Moore Enters., Inc.*, 184 F. Supp. 3d 166, 169 (W.D. Pa. 2016) (citing *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1303 (3d Cir. 1995)). And, to enter default judgment under Rule 55(b)(2), the Court must "ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law." *Harty v. Azad Holdings LLC*, No. CV 14-6566, 2016 WL 4045338, at *2 (E.D. Pa. July 27, 2016) (quoting *Sowell v. RAV Investigative & Sec. Servs.*, No. 15-3657, 2016 WL 3014881 (E.D. Pa. May 26, 2016)). In ascertaining whether to grant default judgment, the Court also considers the *Chamberlain* factors—"(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct," *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).[2]

As an initial matter, the Court is satisfied that Walden has stated a legitimate cause of action. In its Memorandum and Order on Walden's preliminary injunction motion, the Court discussed the cause of action in question here, breach of contract, which is established by: "(1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract and (3) resultant damages." (Docket No. 16 at 3 (quoting *Pennsy Supply, Inc. v. Am. Ash Recycling Corp. of Pa.*, 895 A.2d 595, 600 (Pa. Super. Ct. 2006)). The facts alleged by Walden—which the Court accepts as true, *Broad. Music, Inc.*, 184 F. Supp. 3d at 169—are that Walden's notice of extension to Barbieri on December 20, 2024, triggered Barbieri's obligation to execute the lease

---

[2] In its default judgment determination, the Court must also assure itself that it has subject matter jurisdiction and personal jurisdiction. *Mercedes-Benz Fin. Servs. USA LLC v. Synergistiks, Inc.*, No. 3:18-CV-184, 2019 WL 481753, at *2 (W.D. Pa. Feb. 7, 2019). The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332 (diversity). (Docket No. 1, ¶¶ 20-25). And the Court has personal jurisdiction through Walden's service of the Summons and Complaint on Barbieri through Barbieri's authorized agent (Susan Hugh) at Barbieri's business address, and through Joseph Barber (Barbieri's principal) at his residence in January 2025 (Docket No. 15-1, ¶ 5). *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991) ("A federal district court acquires personal jurisdiction over a defendant when the plaintiff serves the defendant with the complaint in a manner specified by Rule 4.").

within ten days, but Barbieri nevertheless failed to respond and therefore breached the parties' agreement. (Docket No. 16 at 3-4). Based on the foregoing, there is a legitimate cause of action warranting default judgment in this matter.

Turning to the *Chamberlain* factors, the Court finds that Walden will be prejudiced if default judgment is denied for many of the same reasons that the Court granted Walden's motion for preliminary injunction. In the Court's preliminary injunction memorandum and order, the Court noted that Walden's ability to meet its obligations as expressed in numerous third-party agreements depends on Barbieri's fulfillment of its obligations under the parties' agreement. (Docket No. 16 at 10). Walden has no options other than these proceedings to pursue its rights under the parties' agreement where no attorney has entered an appearance here for Barbieri—a corporate entity that cannot represent itself, *Simbraw, Inc. v. United States*, 367 F.2d 373, 374 (3d Cir. 1966)—and where Barbieri has generally refused to participate in this case. Accordingly, the Court is satisfied that Walden has shown it will be prejudiced if default judgment is denied. *Turkovich v. Sally Beauty Supply LLC*, No. 2:20-CV-00694-NR, 2020 WL 7059563, at *1 (W.D. Pa. Dec. 2, 2020) (explaining that a defendant's failure to defend deprives the plaintiff of other means to "vindicat[e] her claims").

As for the second *Chamberlain* factor—litigable defenses—Barbieri has asserted none, so the Court may presume it has none. *Id.* The Court's presumption in this regard is reinforced here because the Court already determined Walden is likely to succeed on the merits of its claim. (Docket No. 16). Finally, concerning Barbieri's culpable conduct in the delay, a party's failure to appear and defend is culpable conduct that warrants default judgment. *Broad. Music, Inc.*, 184 F. Supp. 3d at 170 ("Defendants' delay is due to their culpable conduct because they have failed to appear or to defend this action."). Accordingly, the *Chamberlain* factors support default judgment.

4

Rule 54(c) requires that the relief afforded in a default judgment not "differ in kind from" what the plaintiff demanded in its pleadings, to avoid unfair surprise. Fed. R. Civ. P. 54(c). To ensure that the Court's entry of default judgment in this matter was consistent with Rule 54(c), the Court ordered supplemental briefing on certain aspects of Walden's requested relief. (Docket No. 20). In the instant motion, the gist of Walden's request is that Barbieri be ordered to comply with all its obligations under the parties' agreement. (Docket No. 18-1, Proposed Order). In its supplemental memorandum, Walden provides helpful insight into its requests (or lack thereof) for: a perpetual Utility easement; a permanent injunction of any interference with its exercise of rights under the Lease and Lease Option and a declaration of rights thereunder; and attorney fees and costs. (Docket No. 22).

Regarding the perpetual easement, Walden has explained that, under the Lease, the term of a Utility easement is to be a period "consistent with standard Utility practice but at a minimum coterminous with and irrevocable during the Term" and that this requires a permanent easement because "new Utility equipment to be installed will remain a permanent component of the Utility transmission system, independent of the solar facilities, and the minimum term of the easement is not sufficient and would not be accepted by the Utility." (Docket No. 22 at n. 3). Walden supports its assertion in this regard by declaration. (*Id.*). Accordingly, where Walden sought compliance with the Lease Option and Lease in its Complaint (Docket No. 1, ¶ 107(a)-(i)), Walden asserts its present request for relief consistent with Section 2(c) thereof concerning easements is not different from what it asked for in the pleadings. Regarding Walden's request for a permanent injunction and declaration, Walden has now explained that the Lease is in full force and effect pursuant to the preliminary injunction, and a declaration of rights thereunder will not differ in kind from relief requested in the complaint because a declaration will have the same effect as injunctive relief.

5

(Docket No. 22 at 5).[3] With respect to any damages, fees, or costs, Walden now indicates/confirms it no longer seeks money damages and has withdrawn any request for costs and fees. (*Id.* at 6). Based on such submission, the Court is satisfied that in granting Walden's motion for default judgment it will not run afoul of Rule 54(c) and unfairly surprise Barbieri.

Accordingly, the Court enters the following Order:

AND NOW, this 14th day of April 2025,

IT IS HEREBY ORDERED that Walden's Motion for Default Judgment (Docket No. 18) is **GRANTED** and default judgment is entered in favor of Walden against Barbieri based on the claims in the Complaint. Accordingly, it is FURTHER ORDERED that:

(1) Barbieri is enjoined from denying Walden access to the Property and otherwise interfering with Walden's rights under the Lease (Attached hereto as "Ex. A");

(2) Barbieri shall comply with its obligations under the Lease:

   a. Barbieri shall cooperate with Walden to amend the Lease to reduce the Leased Premises "[w]ithin 60 days after the Commercial Operations Date," as required under Section 2(b) of the Lease;

   b. Barbieri shall grant Walden a perpetual easement to the Utility for its required utilities and access thereto, as required under Section 2(c) of the Lease;

---

[3] In deciding whether to award permanent injunctive relief, the Court considers whether: "(1) the moving party has shown actual success on the merits; (2) the moving party will be irreparably injured by the denial of injunctive relief; (3) the granting of the permanent injunction will result in even greater harm to the defendant; and (4) the injunction would be in the public interest." *Gen. Nutrition Inv. Co. v. Ingrounds Pro, Inc.*, No. 2:20-CV-00022-RJC, 2020 WL 1685118, at *5 (W.D. Pa. Apr. 7, 2020) (quoting *Broad. Music, Inc.*, 184 F. Supp. 3d at 171). The Court having already determined that Walden pursued a legitimate cause of action in this matter, to which Barbieri never responded, the Court determines that Walden has shown actual success on the merits. An injunction will prevent irreparable injury that would occur if Walden's rights under the Lease Option and Lease were denied. Awarding injunctive relief will not harm Barbieri; rather, it will merely have the effect of enforcing Barbieri's obligations under existing contract. And it is in the public interest to "enforce the terms of private contractual agreements." *Columbia Gas Transmission, LLC v. Reed*, No. 3:18-CV-160, 2019 WL 2069602, at *2 (W.D. Pa. Mar. 26, 2019). For all these reasons, it is appropriate to award Walden the injunctive relief it seeks in its motion for default judgment and as reflected in its proposed order granting such motion.

c. Barbieri shall provide all "reasonable support and cooperation to [Walden] in [Walden's] conduct of its operations and exercise of its rights under [the] Lease," including without limitation, Walden's efforts in obtaining permits (including providing signatures on all plans that require landowner signatures), obtaining financing (including providing necessary estoppels) and ensuring that Walden and any third parties authorized by Walden have full access to the Property without obstruction, as required under Section 4(f) of the Lease;

d. Barbieri shall provide Walden with account information so that rent payments can be made by ACH deposit or wire transfer, as required under Section 5(d) of the Lease;

e. Barbieri shall continue to pay all taxes, assessments, or other governmental charges arising in connection with the Leased Property itself (not including Walden's improvements thereon), as required under Section 6 of the Lease;

f. Barbieri shall ensure the free unobstructed flow of sunlight exists and shall remain with respect to the Leased Property, as required under Section 7 of the Lease;

g. Barbieri shall obtain any subordination and non-disturbance agreements from any and all lenders that may have a mortgage or other security interest encumbering the Leased Property, as required under Section 10 of the Lease;

h. Barbieri shall indemnify Walden, as required under Sections 11(d) and 11(e) of the Lease;

i. Barbieri shall cooperate with Walden regarding the financing rights set forth in the Lease, including any reasonable request by a Financing Party to amend the Lease, as required under Section 14 of the Lease;

j. Barbieri shall sign and notarize any amendment memorandums of lease, as required under Section 15(a) of the Lease; and

k. Barbieri shall maintain strict confidentiality regarding the Lease and all information contained therein or pertinent thereto, as required under Section 15(b) of the Lease.

Additionally, the Court further declares that, consistent with the Lease being executed by the parties, the Lease is in full force and effect and is binding and enforceable. Counsel for Walden is directed to serve a copy of this Memorandum Order on Barbieri.

*/s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:   All counsel of record